UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                            CRIMINAL ACTION NO. 3:02-CR-63-C

MARVIN HENDERSON                                                            DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the court on Marvin Henderson's *pro se* motion to set aside a judgment of conviction and to grant a new trial, under 28 U.S.C. § 2255. (DN 74) The government has responded and the defendant has replied. The court referred this matter to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). For reasons stated below, the magistrate judge recommends that the court deny the § 2255 motion as time-barred.

## I. FINDINGS OF FACT

1)      On or about February 27, 2003, this court entered a Judgment and Commitment Order after the defendant's guilty plea to two counts of possession with intent to distribute cocaine and marijuana. In the plea agreement, the defendant agreed to a ten year sentence, and the government agreed to dismiss the remaining, third count in the indictment, possession of a firearm during and in relation to a drug trafficking offense.[1] The defendant received a sentence of 120 months' imprisonment, and five years' supervised release. The defendant did not appeal.

2)      On December 29, 2009, the defendant filed a motion to modify the presentence report to delete any reference to gun possession so that he might become eligible for a one-year

---

[1] The fourth, forfeiture count was not contested. Plea Hearing, DN 50, TR 4.

sentence reduction credited to him upon completion of the Bureau of Prison's Residential Drug Abuse Treatment Program ("RDAP"). The government objected, and the court denied the motion.

3) On or about March 16, 2010, the defendant filed this § 2255 motion, again, seeking a revision to the presentence report. The defendant alleges the sentence is improper because the Bureau of Prisons ("BOP") thwarted intentions of the sentencing court when it recommended that the defendant participate in the RDAP. The defendant's argument follows the analysis in *United States v. Fraley*, 2007 WL 1876455 (E.D.Ky. June 27, 2007), where the court granted § 2255 relief, unopposed by the government, so that the sentence would conform with the intentions of the sentencing court. The defendant states that this court's recommendation to participate in a drug treatment program "implies that it was the Court's intention in sentencing" that the defendant would be entitled to early release if he successfully completed the RDAP.

4) In addressing the timeliness of the § 2255 motion, the petitioner has tendered a BOP form, which shows that the defendant, on March 1, 2010, requested BOP staff to state why he does not qualify for early release benefits under 18 U.S.C. § 3621(e) if he completes [at some time in the future] the RDAP course. The form further shows that on March 2, 2010 the BOP staff member responded, "According to your documentation , you received a 2 pt. weapon's enhancement which precludes early release."[2]

5) The defendant does not assert any other claims in support of the § 2255 motion.

---

[2]Motion to Vacate, Doc. 74-2.

## II. CONCLUSIONS OF LAW

6) Federal prisoners must seek relief from judgment, pursuant to § 2255, usually within one year of the date of conviction. Section 2255 provides specifically:

> (f) A 1-year period of limitation shall apply to a motion under this section. *The limitation period shall run from the latest of—*
> *(1) the date on which the judgment of conviction becomes final;*
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> *(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.*

28 U.S.C. § 2255(f) (emphasis added).

7) The defendant did not appeal the conviction. Thus, the conviction became final on or about March 10, 2003. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2003) (stating that if no appeal, a federal conviction becomes final, under § 2255(f)(1), ten days after entry of judgment of conviction). The one-year limitation period began to run from the date the conviction became final, and expired on or about March 2004. Because the defendant waited more than six years after the limitation period expired to seek relief under § 2255, the motion is clearly time-barred.

8) The defendant argues this § 2255 motion is timely under subsection (4) because he did not discover facts supporting the motion until March 2, 2010, the date the BOP responded to his request to state the reason he would be ineligible for a RDAP sentence reduction.

Following the defendant's logic, however, the magistrate judge notes the defendant could have immediately requested such information from the BOP but, instead, waited until March 2010 to do so. The defendant's interpretation of subsection (4), if applied here, would render the time limitation meaningless.

9) It is also clear, as the government contends, that defendant knew he would not be eligible for a sentence reduction when he pleaded guilty in 2003, not as late as March 2010. During the plea hearing, the defendant was informed that he was ineligible for RDAP one-year sentence credit because of his admitted gun possession.[3] The defendant further acknowledged he understood his guidelines calculations would include the gun adjustment.[4] Therefore, the magistrate judge concludes that because there is no new evidence or information forming the basis of this motion, the later date for triggering the limitation period is not available to the defendant.

10) The magistrate judge further concludes the doctrine of equitable tolling is not available in this case. To equitably toll the one-year limitation period, the movant must show that he has pursued his rights diligently and that extraordinary circumstances impeded his efforts.

---

[3] The defendant candidly concedes he has no recollection of this. However, the court's review of he transcript of the plea hearing reveals that the defendant was clearly advised he would not be eligible for a sentence reduction. During the hearing, the government explained that it had agreed to drop the gun charge in exchange for the defendant's stipulation as to the quantity of drugs – a figure informed by the fact that the defendant had more than $175,000 in cash at his home. The government further explained to the court that in dropping the gun charge, the government had "agreed to account for the weapon by adding two levels for possession of a firearm during and in relation to a drug trafficking offense." The government continued, "That has significance for the defendant. Mr. Cox and Mr. Partin [defense counsel] have provided to me various statutes and regulations and policy statements of the Bureau of Prisons, which reflect that this defendant, as a result of his position, that he possessed a firearm during and in relation to a drug trafficking offense to the extent that he will get a two-level increase. *That will prohibit him from getting any reduction for participation in the intensive drug abuse program*, which I'm sure that they will ask for, because he said that he has been using marijuana on a regular basis." Plea Hearing, TR 9-10 (italics added).

[4] Plea Hearing, TR 18.

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (stating the movant bears the burden of demonstrating entitlement to equitable tolling); *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (setting forth additional factors such as the movant's lack of notice of the filing requirement, absence of prejudice to the respondent, and the movant's reasonableness in remaining ignorant of the filing requirement).

11) "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003). "A litigant who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Id*. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id*. Consequently, federal courts sparingly apply the doctrine of equitable tolling. A prisoner's disadvantaged circumstances generally, including the complaint of an unjust conviction, difficulties in prison life, and ignorance of the law, do not provide a legal basis for excusing the limitation period. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

12) The pleadings contain no basis for equitable tolling the limitation period. Therefore, the magistrate judge concludes no extraordinary circumstance excuses the defendant's failure to timely seek § 2255 relief.

### III. RECOMMENDATION

The magistrate judge recommends that the court deny the motion for the defendant's failure to file within the one-year limitation period, § 2255(f).

## IV. CERTIFICATE OF APPEALABILITY

If the district court agrees with the magistrate judge's recommendation, it must determine whether to certify an appeal under 28 U.S.C. § 2253. In order to appeal the denial of a petition, § 2253 requires a habeas petitioner to make a substantial showing of the denial of a constitutional right. This does not require a showing that the appeal will succeed. *Slack v. McDaniel*, 529 U.S. 473 (2000). Rather, the petitioner must show that reasonable jurists could find debatable whether the petition should be resolved in a different manner or that the matter deserves further review. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The magistrate judge concludes no reasonable jurist could find debatable the conclusion that the petition is time-barred and that the circumstances in this case do not warrant equitably tolling the one-year limitation period. The magistrate judge will therefore recommend denying a certificate of appeal.

DATE:

Copies to:   Counsel of Record
            Magistrate Judge James D. Moyer

**NOTICE**

Within fourteen (14) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived. *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. § 636(b)(1)(C). A party may file a response to another party"s objections within fourteen (14) days after being served with a copy thereof.